19-3267-cv
Conquistador v. Zweibelson

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-one.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges*.

-----------------------------------------------------------------

JEAN K. CONQUISTADOR,

*Plaintiff-Appellant*,

v.                                                                      19-3267-cv

ZWEIBELSON, POLICE OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY, GASHI, POLICE OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY,

*Defendants-Appellees*,

KIM BERMUDEZ, INDIVIDUAL AND
OFFICIAL CAPACITY, POLICE OFFICER 1,
INDIVIDUAL AND OFFICIAL CAPACITY, CITY
OF HARTFORD, HARTFORD POLICE
DEPARTMENT, STATE OF CONNECTICUT,

*Defendants.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: ALYSSA M. HELFER (Andrew W. Schilling, Brian J. Wegrzyn, *on the brief*), Buckley LLP, New York, NY

FOR DEFENDANTS-APPELLEES: NATHALIE FEOLA-GUERRIERI, Senior Assistant Corporation Counsel, Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Kari A. Dooley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Jean K. Conquistador appeals from the October 4, 2019 judgment of the United States District Court for the District of Connecticut (Dooley, J.) dismissing his claim of false arrest under 42 U.S.C. § 1983. The District Court granted summary judgment in favor of Defendants John Zweibelson and Arber

Gashi, both police officers in the City of Hartford, Connecticut, on the ground that the relevant criminal proceedings against Conquistador did not terminate in his favor.   We assume the parties' familiarity with the underlying facts and prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"Where, as here, the burden of persuasion at trial would be on the non-moving party . . . the party moving for summary judgment may satisfy his burden of production under [Federal Rule of Civil Procedure] 56 . . . by submitting evidence that negates an essential element of the non-moving party's claim."   Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 114 (2d Cir. 2017) (quotation marks omitted).   Summary judgment may be granted where the non-movant fails to rebut the movants' showing that they are entitled to judgment as a matter of law.

The parties do not dispute that in this case favorable termination is an element of a false arrest claim brought under § 1983, or that a nolle prosequi satisfies the favorable termination element only if the abandonment of the prosecution was not based on an arrangement with the defendant.   In other

3

words, the parties do not dispute that a nolle does not support a claim for false arrest if it was entered as part of a plea bargain or if the defendant received the nolle in exchange for providing something of benefit to the State.[1]

Here, the undisputed record evidence demonstrates that the government entered a nolle as the result of an agreement with Conquistador. Specifically, Conquistador agreed to give the government proof of treatment from his mental health provider in exchange for a dismissal of the criminal charge against him. See App'x 47, 91. In one of his affidavits on summary judgment, Conquistador acknowledged that he understood that "the prosecutor would dismiss the charges brought by defendants Zweibelson and Gashi if [he] showed proof of . . . having rec[ei]ved mental health treatment." Id. at 91. And during a hearing before the state court, the Connecticut Assistant State's Attorney stated that the nolle was entered because Conquistador had confirmed that he "ha[d] done treatment during the six-month diversionary period." Id. at 51. Together, Conquistador's affidavit and the transcript of the hearing are enough to show

---

[1] The parties agree that the elements of a false arrest claim are the same under federal common law and Connecticut law. See Oral Arg. at 7:55–8:34, 18:45–19:07.

that Conquistador received the <u>nolle</u> in exchange for providing something of benefit to the State.

Conquistador fails to raise any genuine dispute of material fact as to the existence of the arrangement. Conquistador principally argues that the record does not show (1) that the <u>nolle</u> was "expressly conditioned on any specific undertaking" on his part or (2) "the specific terms of any mental health treatment that the prosecutor purportedly expected [him] to engage in." Appellant's Br. 2. But as Conquistador's counsel conceded at oral argument, Conquistador's agreement to provide <u>proof of treatment</u> in exchange for a <u>nolle</u> constitutes an arrangement with the State. <u>See</u> Oral Arg. at 2:25–2:48. Conquistador does not contend that he failed to provide proof of treatment at the hearing.

Conquistador alternatively argues that we should disregard the exchange because he misunderstood the legal consequences of the <u>nolle</u> and thought his agreement would result in a "complete dismissal" of the criminal charge against him. Appellant's Br. 16–18. We reject the argument, the premise of which is that the dismissal of the charge against Conquistador was not "complete." The record makes clear that the charge <u>was</u> dismissed with prejudice within thirteen

5

months of the <u>nolle</u>.  App'x 89–90, 92; <u>see</u> <u>State v. Kallberg</u>, 160 A.3d 1034, 1042 (Conn. 2017).

We have considered Conquistador's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

6